*294 OPINION of the Court, by
Ch. J. Boyle
On the 27th of November 1805, Bruce, by his deed ¡•■••unc. his son, Austin Bruce, to Mathers, as an apprentice to learn the trade of a blacksmith, and among other thby,-covenanted that his sos should serve Mathers for ih>. term of foar years from the said 27th of Nov err,In. 1805, and should not depart or absent himself iron* the service of Mathers, without his leave. Before t:-.c < x-piration of the four years, Mathers instituted an -4. tí n; of covenant against B.ruee upon this deed, and assígneo fora breach that the said Austin did not serve nrd tns! tirme to dwell with the plaintiff’ Mathers íoi d,. term or four years, but on the ——— day oi departed from his service without his consent, action Bruce pleaded four several pleas, on 3d and 4th of which issues were joined. To the second plea the plaintiff demurred, but the demurrer K:ipg overruled he tendered a replication and moved t.,r leave to withdraw his demurrer. This motion bating; been refused, on account of the insufficiency oí the replication, he drew and tendered a second rcpheoih.n, and again moved to withdraw the demurrer. lh¡s motion was objected to by the defendant — 1st, líecauv* a second application of this kind ought not to be indulged j and 2d, because the replication last offered was. multifarious, and tendered several points, and was not calculated to try the merits of the cause, But the court overruled the objections and permitted the plain-To d ♦K- 1 *295 'tiff to withdraw the demurrer and file his replication. The defendant then drew and tendered a special demurrer to the replication, and insisted upon filing it ; to which .the plaintiff'objected, and the court sustained the objection, alleging that the merits of the plaintiff’s replication had been considered and 'adjudged sufficient, before the court suffered him to withdraw his demurrer, and that the defendant had filed his exception to the opinion of the court oh that point.
Fita 1 hat apprentice departed with content of the iwaftcr is a gskxi plea t® an a&ion of co-jenlñt ypoñthe covenant to ie!ve-
Sui-plafage m not vitiate,
Duplicity m ⅛ £⅛ fame ¡*a two ur y10”1 fab-ftam,ve mattcrs voidance 5 but ¡<iie 0! impertí, nencn»tter,not not make *ple*
J" e0e""ft* be pcimiued to ⅛ due ad verity’s plea obffaionabte.
, líu¿ wlief i*e has obtained the opinion of the court in another m<!de’ anii op¡n¡0B> the court <™y re-íu’e to recelve
where iffue to the country is joined «pon a piai e. to ano-¾ ⅞ ,e:*ms to rge the jury to inquire oi damages only,
*295 The defendant refusing to join issue upon the plain-'d ff’s replication to the second plea, otherwise than by the demurrer he had offered, the plaintiff moved the court to have the jury sworn to inquire of damages only, without being sworn to try the issues joined, to which the defendant objected, and insisted upon their being sworn to try the issues ; but the court directed the jury to be sworn to inquire of damages only, which was accordingly done ; and for the damages so assessed vy the jury, a final judgment was given tor the piamtirt; to which the defendant prosecutes this writ of error.
The points made by the assignment of error, are the following, viz. — 1st, That the suit was prematurely brought, the four years in the covenant mentioned not havme expired ; 2nd, that the court ought not to have permitted the piaintm to withdraw his demurrer, and file the replication to the second plea ; 3d, that the court ought not to have prohibited the defendant from tiling his demurrer to the plaintiff s replication ; 4th, that the court ought not to have directed the jury to be sworn to inquire of damages only, without trying ttfe issue joined.
The first point is clearly not maintainable. The departure of the apprentice from the service of the plaintiff, without his consent, was a breach of the covenant, and gave to the plaintiff an immediate cause of action, In the case of Horn v. Chandler, 1 Mod. 271, upon demurrer to a declaration in covenant, against an apprentice tor leaving his service, whereby the plaintiff lost his service for the said term, which was not then expired, tt was held by.Twysden justice, “ though it had l)> cn naught alter verdict, yet being on demurrer it itiay be helped, for the plaintiff may take damages for to- departure from the service only, and not for the It sc oí «enrice during the term, and then it will be well *296 enor-rhA 11ro ‘hr rriiutiiT in this case declared for 1⅛ ’ ' vice 'or the wh he term, the verdict being •es generally, would be erroneous — Hambleton vs. Veeres, 2 Saund. 196, Ibid. 171, n.1. But although io the manner of asthough there is sons ambiguity signing the bivat h oi the covenant, the better construe4 tion seems to be, that the breach intended to be eom-l,,. plained of, is for the departure from the s< rvice oi for there is no averment of the loss tlie ervice lor whole term, nor for any given length oí time,
|n such case. the olaimiff could legally have given evi , ' 1 dence of the damages sustained by the departure only, to which the jury in their inquiry ought to have confined themselves ; and what ought td be done we must presume to have been done, unless the contrary had been made to appear.
As to the second point, it may be remarked, that it has been frequently hdd by this court that after a demurrer has been overruled, the party may have leave to withdraw his demurrer, and plead, reply or rejoin, as the case may require ; and this has been permitted even alter a judgment of the court below sustaining the demurrer, and the cause has been brought to this court and that judgment reversed — Hammond vs. Alexander, vol. 1, 333.
But an objection is in this case made to the propriety of giving leave to withdraw the demurrer and reply, because a previous application liad been mack for that purpose and rejected ou account of the insuflelency of the replication that was offered. With respect to mere points of practice of this sort, a considerable latitude of discretion must necessarily be confided to the courts. Such a discretion is indispensable for the attainment of the purposes of justice, and when it is not so exercised as to defeat or delay those purposes, it cannot be said to be abused or be liable to correction. Repeated applications of this kind, upon offering to plead frivolous matter, would afford such evidence of chicanery and delay as would deserve to be repelled by the court. But a singue mistake, which is immediately offered to be corrected, cannot with propriety be ascribed to mo-, tives of ehieautrv. To bind the parties to abide,by every unintentional mistake of their counsel in their pleadings, especially where those pleadings, as in this *297 country, are frequently, from necessity, to be drawn ⅛ the burry of business during term time, would be productive of great hardship and injustice. This objection therefore seems not to be maintainable.
Another objection is made to the withdrawal of the demurrer, because the replication permitted to be filed was insufficient on account of its duplicity.
To determine the weight to which this objection is entitled, it is necessary to advert to the plea as well as to the replication. The plea in substance avers that the said Austin, the son of the defendant, continued to serve the plaintiff as ■ an apprentice until the -day of —-, when the plaintiff, without the knowledge or consent of the defendant, entered into an agreement with the said Austin, to give up all claim to any future service, in consideration of the said Austin’s agreeing to pay to the plaintiff the sum of- — —, in the month of September following, and that in consequence of said agreement the said plaintiff consented to the said Austin’s quitting his service. The replication, by distinct averments, denies the several parts of the agreement as alleged in the plea, and avers that the plaintiff dtd not, in consideration of the said agreement of the said Austin to pay to him the sum of---in the September following, consent that the said Austin should leave his service. It is clear that the only material traversa-ble point tendered in the plea, was the consent, of the plaintiff that the apprentice might quit his service. Such an agreement between the master and apprentice as is alleged in the plea, cannot be admitted to be valid an 1 binding ; but whether binding or not, or whether in fact it existed or not, would be wholly immaterial, since, if the plaintiff consented to the departure of the apprentice from his service, whatever might be the inducement to the consent, such departure would not be a breach ef the covenant. The replication, by denying the consent of the plaintiff, has therefore traversed the only traversable point in the plea ; and although, by following the example given in the plea, the plaintiff in his replication has introduced much surplus matter, yet the replication cannot on that account be deemed bad ; for it is a settled maxim that surplusage does not vitiate— -¡tile per inutile non vitiatur. Every plea ought to bfe .imgle ; but mere idle impertinent matter cannot render *298 a plea double. Duplicity consists in the tender of Issue In the same plea upon several points, either of which would be traversable. The replication, therefore, in this case does not appear objectionable on account of its duplicity.
With respect to the third point, it is in general true that a party ought to be permitted to file a demurrer to bis adversary’s plea, replication, &c. whenever he may think them objectionable ; because he is not only entitled to the opinion of the court below upon the case, but has a right to a revision of that opinion ie the appellate court. But where the party has taken his objection in another manner, and by an exception to the opinion of the court below*, has presented the question in a shape to be decided by this court, it is not only unnecessary but vexatious for the party to make the same point by demurrer. Since, however, we have adjudged the replication sufficient, had the demurrer been filed it could not have been sustained.
The fourth point made by the assignment of error is ckmrh correct. As there were three issues joined, any one of vvh’ch beingdecided for the defendant, would have entitkd him to a judgment, it was manifestly erroneous in the cuds', to direct the jury to be sworn to inquire of damages onlv.
The judysr.i at mast therefore be reversed with costs, and the ecu-,- be íetnanded to the circuit court for new proceedings to be had therein not Inconsistent with the foregoing opinion.